# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSE
# NORTHERN DIVISION

| | |
|---|---|
| **DR. MICHAEL NELSON**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**TEAM HEALTH HOLDINGS, INC.** and **TEAM HEALTH, LLC**,<br><br>Defendants. | Case No.<br><br>Jury Trial Demanded |

## CLASS ACTION COMPLAINT

1. Plaintiff Dr. Michael Nelson ("Plaintiff"), individually and on behalf of all others similarly situated (the "Class"), brings this action against Defendants Team Health Holdings, Inc. and Team Health, LLC (collectively, "Team Health" or "Defendants") to secure redress for Defendants' violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*.

2. Specifically, Plaintiff, individually and on behalf of the other Class Members, brings a claim pursuant to 47 U.S.C. § 227(b) based on unsolicited text messages sent by Team Health, or at Team Health's direction, to the cellular telephones of Plaintiff and the other Class Members, using an automatic telephone dialing system ("ATDS").

## INTRODUCTION

3. The TCPA was designed and enacted to prevent companies like Team Health from invading individuals' privacy with intrusive and unwanted robocalls.

4. Courts across the country—including courts in the Sixth Circuit—have interpreted the TCPA to also apply to text messages. The Federal Communications Commission ("FCC")—charged with enforcing and issuing rules regarding the TCPA—also interprets the TCPA to apply to text messages on the same terms as phone calls. This of course makes sense given the purpose of the TCPA and the way we communicate today.

5. Consistent with its goal, the TCPA makes it unlawful for any person to call (or as interpreted, text) a cellular telephone service using an ATDS without the called party's prior express consent.

6. Because it is often difficult to quantify damages stemming from unwanted text messages, the TCPA provides for statutory damages—$500 for each qualifying text message negligently sent and $1,500 for each qualifying text message sent in willful or knowing violation of the statute. In the case where a plaintiff can prove higher actual damages, those damages are available instead. Given the remedies available under the law, it is no surprise that Courts frequently certify Rule 23 classes in TCPA cases.

7. This is a classic case of unwanted robo-texting, without consent of the "called party." Here, Team Health sent multiple spam texts to Dr. Michael Nelson, trying to recruit him to work for one of Team Health's clients.[1] On information and belief, Team Health's robo-texting equipment did the same thing to thousands or tens of thousands of other Class Members.

## JURISDICTION AND VENUE

8. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227(b)(3) because this action involves a federal question under the TCPA.

---

[1] Team Health functions similarly to a staffing agency, providing workers in the medical field to client facilities such as hospitals and doctor's offices, nationwide.

9. This Court has original jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).

10. This Court has personal jurisdiction over Team Health because Team Health does business within the State of Tennessee and its principal place of business is located within the State of Tennessee.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Team Health resides in this judicial district, maintaining its principal place of business at 265 Brookview Centre Way, Suite 400, Knoxville, Tennessee 37919.

## **PARTIES**

12. Plaintiff is a natural person, a physician, and a citizen of the state of Illinois, residing in Elmhurst, DuPage County, Illinois.

13. Plaintiff is a "called party" pursuant to 47 U.S.C. § 227(b).

14. Defendant Team Health Holdings, Inc is a corporation that was formed in Delaware, has its principal place of business at 265 Brookview Centre Way, Suite 400, Knoxville, Tennessee, 37919, and does business in the State of Tennessee. Its registered agent for service of process in Tennessee is Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee, 37203.

15. Defendant Team Health, LLC is a limited liability company that was formed in Tennessee, has its principal place of business at 265 Brookview Centre Way, Suite 400, Knoxville, Tennessee 37919, and does business in the State of Tennessee. Its registered agent for service of process in Tennessee is The Prentice-Hall Corporation System, Inc., 2908 Poston Avenue, Nashville, Tennessee 37203.

# FACTS

16. Team Health is a nationwide physician practice that provides emergency medicine, hospital medicine, anesthesiology, critical care, obstetrics, orthopedic surgery, general surgery, ambulatory care, post-acute care, and medical call center solutions, to acute and post-acute facilities nationwide.

17. Team Health provides support for these facilities by staffing medical professionals, including physicians, for its client facilities. To do so, it must recruit medical professionals, including the Class Members.

18. On information and belief, in order to recruit individuals to place with its clients, Team Health obtained the cellular telephone number of Plaintiff and thousands or tens of thousands of other medical professionals, including Class Members, and then proceeded to send or cause others to send unsolicited telemarketing text messages to those individuals, using ATDS equipment.

19. The purpose of these texts was to recruit Plaintiff and other professionals, including the other Class Members, to place them at Team Health clients, for which Team Health would be compensated by those clients.

20. Plaintiff and the other Class Members never consented to receive such text messages.

21. Specifically, on or around July 5, 2018, Plaintiff received the following text

4

message from or on behalf of Team Health, from telephone number (618) 416-6428:

> Text Message
> Thu, Jul 5, 12:24 PM
>
> Hi Dr. Nelson this is Jay Johnson with TeamHealth. I thought I would reach out; I need some help! I'm working on EM opportunities in Illinois, just outside of St. Louis offering $75k sign-on, or $150k student loan repayment . All have Hospitalist programs,Scribes. Also a Medical Directorship opportunity available, with superlative stipend. Who do you know would have an interest in exploring? Thank you

22. Prior to August 16, 2018, Plaintiff received the following text message from or on behalf of Team Health, from telephone number (859) 629-6824:

> Hi! This is Kaitlin, EM clinical recruiter with TeamHealth. I wanted to personally reach out to you in regards to our new 2018 Illinois opportunities.
>
> Please let me know your area of interest and I would be more than happy to relay any openings close to you.
> Thank you & I hope to hear from you soon.

23. On or around August 16, 2018, Plaintiff received the following text message from

5

or on behalf of Team Health, from telephone number (859) 629-6824:

> Thu, Aug 16, 12:00 PM
>
> Hi! This is Kaitlin, EM clinical recruiter with TeamHealth. I wanted to personally reach out to you in regards to our newest Illinois EM opportunities.
>
> If you are interested, please let me know your area of interest and I would be more than happy to relay any openings close to you.
> Thank you & I hope to hear from you soon.

24. On or around January 23, 2019, Plaintiff received the following text message from or on behalf of Team Health, from telephone number (859) 629-6824:

> Wed, Jan 23, 1:47 PM
>
> Hi! This is Kaitlin, EM clinical recruiter with TeamHealth. I wanted to personally reach out to you in regards to our newest IL/IN/WI and IA EM opportunities.
>
> If you are interested, please let me know your area of interest and I would be more than happy to relay any openings close to you.
> Thank you & I hope to hear from you soon.

25. Upon information and belief, these text messages were sent to Plaintiff's cellular telephone using equipment which has the capacity to store or produce telephone numbers to be contacted, using a random or sequential number generator, and to dial such numbers, without human intervention.

6

26. On information and belief, these text messages were sent by Team Health or on its behalf using an internet-to-phone application, or a combination of hardware and software systems, which stored phone numbers and generated and sent text messages to those numbers randomly, automatically, and without human intervention.

27. Plaintiff never provided his telephone number to Team Health or, on information and belief, any other entity which had consent to share his telephone number with Team Health.

28. Plaintiff never provided consent to receive text messages from Team Health or from any person or entity on behalf of Team Health.

29. The generic nature of the text messages, the size of Team Health, and the related implausibility that "Kaitlin" or "Jay Johnson" typed each of these texts, combined with the fact that multiple similar text messages were sent, leads Plaintiff to the reasonable conclusion and belief that these text messages were sent by an ATDS, without human intervention.

30. Team Health sent these text messages for the business or commercial purpose of recruiting physicians to place in its clients' medical facilities, so that Team Health could profit.

31. From each intrusive, automated text message sent by or on behalf of Team Health to Plaintiff's cellular telephone without express consent, Plaintiff suffered actual harm, including the injury of invasion of privacy and intrusion upon his right to inclusion.

32. From each text message sent by or on behalf of Team Health to Plaintiff's cellular telephone without express consent, Plaintiff suffered actual harm, including injury because of the nuisance and inconvenience of receiving unwanted and unsolicited text messages without consent, which diverts attention away from his work and other activities.

33. From each text message sent by or on behalf of Team Health to Plaintiff's cellular telephone without express consent, Plaintiff suffered economic injury because his cellular data

7

and/or cellular telephone storage space was used without his consent. Each such invasion and use of Plaintiff's property without his consent, resulted in the injury of a trespass to chattel in relation to Plaintiff's cellular telephone and cellular telephone service and disturbed the use and enjoyment of his cellular telephone and phone number, in addition to causing wear and tear on Plaintiff's phone's hardware (including its battery), and the consumption of memory of the phone.

## **CLASS ALLEGATIONS**

34. Plaintiff brings this case individually and, pursuant to Fed. R. Civ. P. 23(b)(2), and 23(b)(3) or in the alternative (c)(4), on behalf of a Class of individuals, defined as:

> All persons in the United States to whom, from within four years prior to the filing of this case to the present, Team Health or another person or entity on behalf of Team Health, sent a text message to their cellular telephone using an automated telephone dialing system, without the individuals' prior express consent (the "Class").

35. Excluded from the Class is Team Health, its parents, subsidiaries, affiliates, officers and directors, any entity in which Team Health has a controlling interest, all recipients of text messages who make a timely election to be excluded from the Class, governmental entities, and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

36. **Numerosity.** Upon information and belief, Team Health or its affiliates sent unsolicited text messages to more than 1,000 medical professionals who are part of the Class in the four years preceding the filing of this case using an ATDS, where Team Health obtained the telephone numbers from sources other than their owners and sent the text messages without consent of the recipients.

37. **Commonality.** Common questions of law or fact exist as to all Class Members. Such questions common to the Class include, but are not necessarily limited to:

    a. Whether Team Health used an ATDS as that term is defined or interpreted under the TCPA and applicable FCC regulations and orders and relevant

8

          case law;

        b.     Whether Team Health had prior express permission to contact Plaintiff and other Class Members when it sent text messages, or caused text messages to be sent, to the cell phones of Plaintiff and Class Members using at ATDS; and

        c.     Whether Team Health's violations were performed willfully or knowingly such that Plaintiff and the other Class Members are entitled to treble damages under the TCPA.

38.    **Typicality.** Plaintiff's claims are typical of the other Class Members' claims. The factual and legal bases of Team Health's liability to Plaintiff and the other Class Members are the same: Team Health violated the TCPA by using an ATDS to cause text messages to be sent to the cellular telephone numbers of Plaintiff and the other Class Members without their prior express consent.

39.    **Adequacy of Representation.** Plaintiff will fairly and adequately protect the interests of the other Class Members. Plaintiff has no interest that might conflict with the interest of the other Class Members. Plaintiff is interested in pursuing his claim vigorously and has retained counsel competent and experienced in class and complex litigation.

40.    **Policies Generally Applicable to the Class.** This class action is appropriate for certification pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted and/or failed to act on grounds generally applicable to Plaintiff and the other Class Members, thus making final injunctive relief or corresponding declaratory relief appropriate with respect to the Class as a whole.

9

41. **Predominance and Superiority.** This class action is appropriate for certification pursuant to Fed. R. Civ. P. 23(b)(3) because the common questions predominate over any question solely affecting any individual Class Member, including Plaintiff. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are, on information and belief, thousands of Class Members, such that joinder of all of them is impracticable. No superior alternative exists for the fair and efficient adjudication of this controversy.

42. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action.

43. The Class Members are, on information and belief, readily identifiable from the records of Team Health and/or any affiliates whom it instructed to cause to be sent the text messages at issue, including records relating to cellular telephones and the equipment, systems, or programs used to send messages to Plaintiff and the other Class Members.

44. **Particular Issues.** In the alternative to certification under Fed. R. Civ. P. 23(b)(3), this class action may be appropriate for certification pursuant to Fed. R. Civ. P. 23(c)(4) if it is determined that only particular issues may be adjudicated on a class-wide basis.

## CLAIM ALLEGED

### COUNT I
### (Willful or Knowing Violation of the TCPA, 47 U.S.C. § 227(b))

45. Plaintiff realleges and incorporates Paragraphs 1-44, as though fully set forth herein.

46. Team Health violated the TCPA with respect to Plaintiff and the other Class

10

Members by sending unsolicited text messages without obtaining the recipients' express consent using equipment which constitutes an ATDS under the TCPA, for the express commercial or financial purpose of recruiting Plaintiff and the other Class Members to work for Team Health's clients.

47. Team Health's text messages caused Plaintiff and the other Class Members actual harm, including, but not limited to, invasion of their personal privacy, aggravation, nuisance and disruption, reduction in their cellular phone data and memory, messaging charges, and loss of use of their cellular telephones.

48. As a result of the aforementioned violations of the TCPA, Plaintiff and the other Class Members are each entitled to awards of a minimum of $500 in statutory damages for each text message sent by or on behalf of Defendants in negligent violation of the TCPA, and/or up to $1,500 in statutory damages for each text message sent by or on behalf of Defendants in willful or knowing violation of the TCPA.

49. Additionally, Plaintiff and the other Class Members are entitled to seek injunctive relief prohibiting such future conduct.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and behalf of the other Class Members, respectfully requests that this Court:

    a.    Certify the Class in accordance with Fed. R. Civ. P. 2(b)(2), and 23(b)(3) or in the alternative (c)(4), with respect to the claims set forth above;

    b.    Appoint Plaintiff as the Class Representative;

    c.    Appoint DiCello Levitt Gutzler LLC and Branstetter, Stranch & Jennings, PLLC as Class Counsel with respect to Plaintiff's and the other Class Members' claims;

    d.    Declare that Defendants negligently and/or willfully and knowingly violated the TCPA;

11

Case 3:19-cv-00517-LJM-DCP   Document 1   Filed 12/17/19   Page 11 of 12   PageID #: 11

e.  Enjoin Defendants from sending further unsolicited text messages using at ATDS without express consent of the recipient and otherwise protect the interests of Plaintiff and the Class;

f.  Award Plaintiff and the other Class Members the greater of actual damages or statutory damages in the amount of $500 for every text message sent in negligent violation of the TCPA and $1,500 for every text message sent in willful or knowing violation of the TCPA; and

g.  Grant such further relief as this court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury of all claims so triable.

Dated: December 17, 2019

*/s/ Joe P. Leniski, Jr.*
Joe P. Leniski, Jr. (BPR #22891)
**BRANSTETTER, STRANCH & JENNINGS, PLLC**
223 Rosa L. Parks. Ave. Suite 200
Nashville, TN 37203
Telephone: 615-254-8801
joeyl@bsjfirm.com

Amy E. Keller*
Laura E. Reasons*
**DICELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Eleventh Floor
Chicago, Illinois 60602
Telephone: 312-214-7900
akeller@dicellolevitt.com
lreasons@dicellolevitt.com
* To Seek Admission *Pro Hac Vice*

*Counsel for Plaintiff and the Class*